Probate. Court of Tuscarawas County.

IN RE WILL OF HUGH ARTHUR PITTIS.

Decided August 6, 1930.

LAMNECK, Judge.

On July 26, 1930, a paper writing purporting to be the last will and testament of Hugh Arthur Pittis was left in this court for probate. Due notice of the filing of said purported will was given to the widow and next of kin as provided by law. The two subscribing witnesses were the only persons who were called to testify at the hearing on the application to probate.

It appears from their testimony that on August 2, 1928, the deceased took the paper writing to the Commercial Bank of Uhrichsville, Ohio, with the intention of having J. B. Westhafer and Miss M. I. Gharky, two employees of the bank, subscribe to it as witnesses. The decedent's name was already signed to the instrument when he arrived at the bank. Mr. Westhafer was indisposed at the time and had remained at home, away from his business for the day. This did not seem to deter the decedent from his original intention of having these two persons to act as witnesses to the instrument, for he had

Miss Gharky sign her name to the instrument in the absence of Mr. Westhafer. He neglected to state to her that the instrument was his will or that he acknowledged the signature signed thereon to be his own. The only statement he made to her was that he wanted her to witness some papers, and she signed her name without knowing what the paper writing was.

After having Miss Gharky sign the instrument, the decedent proceeded to the home of Mr. Westhafer. All he said to Mr. Westhafer was that he wanted him to sign some papers for him. The decedent did not acknowledge his signature on the writing to Mr. Westafer nor did he inform Mr. Westhafer that the instrument was his will. In fact, Mr. Westhafer did not know what kind of an instrument he was signing.

The question that is presented here is whether this instrument was executed with the formality required by statute.

Section 10505 of the General Code relative to the execution of wills provides:

"Such will must be signed at the end by the party making it, or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge it."

It is recognized by the weight of authority that it is not necessary that a testator declare an instrument to be his will, or that he acknowledge his signature thereto, if the subscribing witnesses saw him sign his name to the instrument. (See *Underwood* v. *Rutan,* 101 O. S., 306.) Neither is it necessary that the witnesses sign at the same time nor in the presence of each other, if the instrument was signed out of their presence and an acknowledgment is relied upon.

Where a testator signs a will out of the presence of two witnesses, Section 10505 General Code would require

that the will must be attested and subscribed in the presence of such party by two or more competent witnesses, who heard him acknowledge it.

Was this instrument attested and subscribed in the presence of the testator by two witnesses as contemplated by statute?

Attestation and subscription have different meanings and are clearly distinguishable. To subscribe a paper as a will it is only necessary for the witnesses to write their names on the same paper for the sole purpose of identification. That this paper was subscribed for the witnesses in the presence of the testator is perfectly clear. But there may be perfect subscription of the witnesses without attestation. Attestation is the act of the senses. The witnesses must know that a certain thing is taking place. They did not see the decedent sign his name, which is one way of attesting a will, nor did they hear the testator acknowledge his signature, or hear him say it was his will. There was no *attestation* of acknowledgment.

Since there was no acknowledgment by the maker, either of the paper as his will, or his signature thereto, in the presence of the subscribing witnesses, the paper must be refused admission to probate as the last will and testament of Hugh Arthur Pittis, deceased.